ALBANY,
October, 1823.

THE PEOPLE
v.
COMMON
PLEAS OF
WASHING-
TON.

## STARKWEATHER *against* BENJAMIN.

*A parol re-servation, or condition, annexed to the receipt of a plea, and giving notice of trial, is void. And such a step will be deemed a waiver of default, though the condition be not performed.*

THE plaintiff's attorney had entered a default for want of a plea; but on the application of the defendant's attorney, he received a plea, and gave notice of trial, stating at the same time, that this should be upon condition, that his client could be ready for trial at the next Circuit, which was then near at hand. More than 7 months had elapsed after the service of the declaration, before the default was entered. The plaintiff, residing a considerable distance from his attorney, was not ready for the trial at the next Circuit, and the attorney for the plaintiff then told the attorney for the defendant, that he should, for this reason, insist on his default, and he accordingly had proceeded to notice the execution of a writ of inquiry.

*A. P. Holdrige*, moved, on the above facts, (among others) to set aside the default, and all subsequent proceedings thereon, for irregularity.

*J. W. Edmonds*, contra.

*Curia.* We cannot notice this parol reservation, or condition annexed to the receipt of the plea, and giving notice of trial. It was a waiver of the default.

Motion granted.